# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE SHELDON and JEFFREY SHELDON, w/h<br>1340 Gulf Boulevard, #6D<br>Clearwater, FL 33767<br>　　　　*Plaintiffs*<br>　　vs.<br><br>SHAWNEE INN, INC.<br>1 River Road<br>P.O. Box 67<br>Shawnee, PA 18356<br>　　And<br>SHAWNEE HOLDING, INC.<br>1 River Road<br>P.O. Box 67<br>Shawnee, PA 18356<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br><br>CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br>NO. |

## **PARTIES**

1.  Plaintiffs, Anne Sheldon and Jeffrey Sheldon, are wife and husband residing at 1340 Gulf Boulevard, #6D, Clearwater, FL 33767.

2.  Defendant, Shawnee Inn, Inc., is a Pennsylvania corporation duly authorized to do business in the Commonwealth of Pennsylvania, maintaining a registered office address at 1 River Road, P.O. Box 67, Shawnee, PA 18356.

3.  Defendant, Shawnee Holding, Inc., is a Pennsylvania corporation duly authorized to do business in the Commonwealth of Pennsylvania, maintaining a registered office address at 1 River Road, P.O. Box 67, Shawnee, PA 18356.

## **JURISDICTION**

4.  Paragraphs 1 through 3 are incorporated herein by reference.

5.  Original jurisdiction is conferred pursuant to 28 U.S.C. Sec. 1332(a), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and the action is

between citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(b)(2), as this is the judicial district where the incident that forms the basis for this action occurred.

## FACTUAL ALLEGATIONS

7. Paragraphs 1 through 6 are incorporated herein by reference.

8. At all times relevant hereto, Shawnee Defendants engaged in the business of, among other things, owning, operating and maintaining a hotel and golf resort located at 100 Shawnee Inn Drive, Shawnee on Delaware, PA 18356, which was open to the public, including Plaintiffs. The aforementioned property is commonly referred to as "The Shawnee Inn and Golf Resort" (hereinafter "Shawnee Inn").

9. At all times relevant hereto, Defendants individually and/or jointly owned, controlled, operated, managed, and were responsible for maintenance of the property and business at the aforementioned Shawnee Inn.

10. On or about October 5, 2018, Plaintiffs had reserved a room at Shawnee Inn and arrived at the property at approximately 9 pm. After checking in to Room 301, Plaintiff, Jeffrey Sheldon, assisted his wife, Plaintiff Anne Sheldon, up to the room, and returned to his vehicle to retrieve luggage.

11. While Plaintiff, Jeffrey Sheldon, was retrieving luggage, Plaintiff, Anne Sheldon, was caused to fall while exiting the bathroom of Room 301 due to a sudden, unmarked, and unexpected change in elevation causing her to suffer severe and permanent injuries as described more fully herein.

12. At all times relevant hereto, Shawnee Defendants were aware of the dangerous condition created by the aforementioned sudden, unmarked, and unexpected change in elevation in Room 301 as evidenced by a small, nondescript sign posted beneath the electrical outlet in the bathroom stating "CAUTION SAFETY FIRST: REMEMBER THE STEP OUT OF THE

BATHROOM."

13. Despite knowledge of the sudden, unexpected change in elevation in Room 301, and the danger that it posed to hotel guests, Shawnee Defendants, by and through their agents, servants and/or employees caused and/or allowed this condition to exist for an extended period of time, and failed to take any affirmative steps to remedy this condition, or adequately warn guests of the danger posed by this condition.

## COUNT I- NEGLIGENCE
### Platintiff, Anne Sheldon v. Defendants

14. Paragraphs 1 through 13 are incorporated herein by reference.

15. Defendants were at all relevant times negligent, careless and reckless in their operation, management, and maintenance of The Shawnee Inn.

16. By inviting and permitting the public to stay at The Shawnee Inn, Defendants owed the public, and those members of the public who stayed at Defendant's property who were business invitees, including Plaintiff, Anne Sheldon, a high duty of care to ensure that The Shawnee Inn was clean and free from dangerous and/or hazardous conditions that were known or should have been known through the exercise of reasonable care.

17. Furthermore, it was a non-delegable duty of Defendants not to create or allow to exist a known or reasonably known dangerous and/or hazardous condition, or if such dangerous and/or hazardous condition existed, to give proper notice or warning of such condition to invitees and/or the general public properly and permissibly on the property of The Shawnee Inn.

18. By causing and/or allowing the sudden, unmarked, and unexpected change in elevation to remain in Room 301 of The Shawnee Inn on October 5, 2018, Defendants created a dangerous and/or hazardous condition, of which Defendants were aware, should have been aware, or could have been aware through the exercise of ordinary care, and breached their duty to public invitees and Plaintiffs herein.

19. At all times relevant hereto, Defendants had actual and/or constructive notice that the sudden, unmarked, and unexpected change in elevation existed in Room 301 of The Shawnee Inn thereby creating the known dangerous and hazardous condition.

20. The negligence, carelessness and/or recklessness of Defendants during the time aforesaid consisted of, *inter alia*, the following:

(a) the sudden, unmarked, and unexpected change in elevation in Room 301 of The Shawnee Inn created a continually dangerous and/or hazardous condition for persons walking in the immediate vicinity;

(b) that although defendants knew, or in the exercise of reasonable care should have known that such a dangerous and/or hazardous condition existed, defendants failed to warn Plaintiff, Anne Sheldon, through the posting of adequate warning signs, and gave no notice whatsoever to customers and potential customers including Plaintiff, Anne Sheldon, of the presence of the dangerous and/or hazardous condition;

(c) failing to adequately warn Plaintiff, Anne Sheldon, of the existence of the sudden, unmarked, and unexpected change in elevation in Room 301 of The Shawnee Inn, which Defendant caused and/or allowed to remain;

(d) failing to remove or otherwise remedy the sudden, unmarked, and unexpected change in elevation to remain in Room 301 of The Shawnee Inn prior to Plaintiff, Anne Sheldon's fall;

(e) failing to inspect the premises of The Shawnee Inn to ensure that sudden, unmarked, and unexpected changes in elevation were not allowed to remain in their hotel rooms to the point where they would become a dangerous and/or hazardous condition;

(f) failing to maintain the premises;

(g) allowing the hotel rooms at The Shawnee Inn to become and remain in a dangerous and/or hazardous condition for unreasonable amounts of time;

(h) failing to use reasonable and prudent care to keep The Shawnee Inn's rooms in a safe condition;

(i) failing to have the aforesaid hotel room inspected at reasonable intervals;

(j) allowing a dangerous and/or hazardous condition to exist in Room 301 of The Shawnee Inn for an extended period of time;

(k) failing to properly supervise and maintain the hotel rooms at The Shawnee Inn;

(l) failing to instruct their employees, statutory employees and/or agents as to the proper care, maintenance and control of the hotel rooms at The Shawnee Inn;

(m) allowing the sudden, unmarked, and unexpected change in elevation to remain in Room 301 of The Shawnee Inn in an inconspicuous position where it was unlikely to be perceived by customers;

(n) failing to have adequate policies and procedures in place to ensure that the hotel rooms at The Shawnee Inn were kept free from hazardous and/or dangerous conditions during the period of time when the public was invited and/or permitted to walk and/or traverse through the hotel;

(o) failing to ensure that its agents, servants and/or employees followed any existing policies and procedures to ensure that the hotel rooms at The Shawnee Inn were kept free from hazardous and/or dangerous conditions during the time when the public was invited and/or permitted to walk and/or traverse through the hotel;

(p) failing to keep the property owned, occupied, maintained and/or controlled by Defendants, and held open for invitees, in a reasonable and safe condition in violation of various codes, laws and ordinances, including but not limited to the Ordinances of Smithfield Township.

21. The injuries sustained by Plaintiff, Anne Sheldon, as a result of the accident on October 5, 2018, were directly and proximately caused by the negligence, carelessness and recklessness of Defendants, acting through its agents, servants and/or employees who were all acting within the course and scope of their agency and/or employment relationship.

22. As a direct and proximate result of the October 5, 2018 fall, Plaintiff, Anne Sheldon, sustained serious, permanent and painful injuries which include, but are not limited to, a fractured left femur requiring surgical intervention, and a collapsed left hip socket necessitating anterior left hip replacement. Plaintiff, Anne Sheldon, also suffered pain and dysfunction along

with other injuries to her left hip and leg, as well as shock and injury to her nerves and nervous system, all of which Plaintiff, Anne Sheldon, has been advised are permanent in nature, irreparable and severe.

23. As a further result of the negligence, carelessness and recklessness of Defendants, Plaintiff, Anne Sheldon, has undergone great physical pain, mental anguish, embarrassment and humiliation, and she will continue to endure the same for an indefinite time into the future, to her great detriment and loss.

24. As a further result of the negligence, carelessness and recklessness of Defendants, Plaintiff, Anne Sheldon, has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to affect a cure for the aforesaid injuries, and Plaintiff, Anne Sheldon, will be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time into the future, to her great detriment and loss.

25. As a further result of the negligence, carelessness and recklessness of Defendants, Plaintiff, Anne Sheldon, has and may in the future expend large sums of money for expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Plaintiff, Anne Sheldon, would have performed, not for income, but for the benefit of herself and her husband if she had not been injured.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the form of compensatory damages in an amount in excess of the statutory limit for arbitration, together with interest and costs.

### COUNT II – LOSS OF CONSORTIUM
**Plaintiff, Jeffrey Sheldon v. Defendants**

26. Plaintiff incorporates by reference the averments in paragraphs 1 through 25 of this Complaint as if same were set forth fully and at length herein.

4841-3688-2628, v. 1

27. Plaintiff, Jeffrey Sheldon, is the lawful husband of Plaintiff, Anne Sheldon.

28. As a result of the fall as set forth above, caused solely by the negligence, carelessness, and recklessness of Defendants, Plaintiff, Jeffrey Sheldon, was caused to suffer the loss of guidance, support, advice, household services, consortium, personal services, companionship, and assistance of his wife, Anne Sheldon.

29. As a result of the fall as set forth above, caused solely by the negligence, carelessness, and recklessness of Defendants, Plaintiff, Jeffrey Sheldon, will be caused to suffer the loss of guidance, support, advice, household services, consortium, personal services, companionship, and assistance of his wife, Anne Sheldon, in the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the form of compensatory damages in an amount in excess of the statutory limit for arbitration, together with interest and costs.

### JURY DEMAND

Plaintiffs demand a jury for all triable issues.

**Respectfully submitted:**

**STARK & STARK**
A Professional Corporation

By: /s/*Joseph A. Cullen, Jr.*
Joseph A. Cullen, Jr., Esquire
Attorney Identification No.: 82167
777 Township Line Road, Suite 120
Yardley, PA 19067
(267)907-9612, Telephone
(267)907-9659, Facsimile
jcullen@stark-stark.com

Dated: July 24, 2020 _____    *Attorneys for Plaintiff*

4841-3688-2628, v. 1

4841-3688-2628, v. 1